UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LARRY GIRALDES,
Petitioner,

v.

D. VANG,
Respondent.

Case No. 26-cv-03339-WHO (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Larry Giraldes seeks federal habeas relief under 28 U.S.C. § 2254 from the state court's denial of his resentencing petition. The petition for such relief is now before me for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable due process claims regarding the January 2023 denial of his resentencing petition. Accordingly, on or before **December 7, 2026**, respondent shall file an answer or a dispositive motion in response to the petition.

The filing fee has been paid. (Dkt. No. 7.)

## BACKGROUND

In 1993, Giraldes was convicted of first degree murder and other crimes by a Santa Clara County Superior Court jury. (Pet., Dkt. No. 1 at 1; *People v. Giraldes*, No. H050697, 2025 WL 682763, at *1 (Cal. Ct. App. Mar. 24, 2025)). A sentence of 50 years to life, consecutive to a determinate term of 12 years and four months, was imposed. *Giraldes*, 2025 WL 682763, at *1. His direct appeal was unsuccessful, but the trial court later reduced his first degree murder convictions to second degree murder and resentenced him to 30 years to life. *Id.*

In 2021, Giraldes filed a petition in the superior court asking to be resentenced pursuant to former section 1170.95. *Id.* The superior court held an evidentiary hearing on

January 9, 2023, and denied the petition. His attempts to overturn that decision in state court were unsuccessful. This federal habeas petition followed.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Giraldes claims that the superior court violated his due process rights in its January 2023 denial of his resentencing petition. (Pet., Dkt. No. 1 at 5, 13.) When liberally construed, this claim is cognizable on federal habeas review and shall proceed.

**CONCLUSION**

1. The Clerk shall serve electronically a copy of this Order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The petition (Dkt. No. 1) and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this Order on petitioner.

2. On or before **December 7, 2026**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been

United States District Court
Northern District of California

transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **December 7, 2026**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The filing fee has been paid. (Dkt. No. 7.)

**IT IS SO ORDERED.**

**Dated:** August 4, 2026

WILLIAM H. ORRICK
United States District Judge